COMMERCIAL TRIBUNE BLDG. CO. v. RAPID ELECTROTYPE CO.

**Procedure for Recovery of Damages on Account of an Action for Injunction Dissolved.**

Where the only relief sought in the original petition was an injunction, and upon appeal the injunction was dissolved and the cause retained for an assessment of damages, the filing of a supplemental answer and cross petition setting forth the specific damages sustained by reason of the injunction is proper procedure; and it is within the discretion of the court to determine the issue as thus presented or to remand the defendant to an action at law upon the bond.

Hamilton County.

APPEAL from common pleas court.

*Johnson & Levy,* for plaintiff.
*Mallon & Vordenberg,* for defendant.

**GIFFEN, P. J.**

The only relief sought by the plaintiff in the original petition was an injunction restraining the defendant, as its tenant, from removing a partition and certain fixtures. Upon appeal to this court the injunction was dissolved, petition dismissed, and cause retained for assessment of damages, if any sustained by the defendant in consequence of the injunction. *Commercial Tribune Bldg. Co.* v. *Electrotype Co.* 31 O. C. C. 361 (11 N. S. 488). A supplemental answer and cross petition has been filed setting forth the specific damages sustained, the original answer containing a general prayer for damages. The defendant could not, until the injunction was finally dissolved, know to what extent it would be damaged, and this supplemental pleading in no way changes the nature of the relief asked for in the original answer. The question of damages is incidental to the main issue, and arises only upon dissolution of the injunction.

The plaintiff invoked the jurisdiction of a court of equity, and it is eminently proper that such court should determine all the issues in the case, although it might, in its discretion, remit defendant to an action at law upon the bond. *Roberts* v. *Dust,* 4 Ohio St. 502.

The motion to strike the supplemental pleading from the files and the demurrer filed in the alternative are overruled.

**Smith** and **Swing, JJ.,** concur.